IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAIME JESUS LANDAVERDE GIRON             :
2118 Dexter Avenue                                         :
Apt. 102                                                           :
Silver Spring, Maryland 20902                        :
                                                                       :   Civil Action No.
     Plaintiff,                                                :
                                                                       :
v.                                                                     :
                                                                       :
AMERICAN CITY DINER, INC.                      :
5532 Connecticut Avenue, NW                        :
Washington, DC 20015                                   :
                                                                       :
     Serve:  Resident Agent                             :
               Jeffrey Gildenborn                          :
               3200 Ellicott Street, NW                  :
               Washington, DC 20008                     :
                                                                       :
and                                                                  :
                                                                       :
JEFFREY GILDENBORN                              :
3200 Ellicott Street, NW                                 :
Washington, DC 20008                                   :
                                                                       :
     Defendants.                                          :

## COMPLAINT

Plaintiff, Jaime Jesus Landaverde Giron ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Discoll PC, hereby files his Complaint against American City Diner, Inc. and Jeffrey Gildenborn (collectively "Defendants"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA") D.C. ST §32-1003, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4501337_1

## INTRODUCTION

Plaintiff worked for Defendants as a kitchen helper. Plaintiff was paid at the same regular hourly rate. He worked between forty-nine and sixty-five hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate as required by D.C. and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of Maryland.

4. Defendant American City Diner, Inc. ("American City") is a D.C. corporation.

5. Defendant Jeffrey Gildenborn is the owner of American City.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serves customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Jeffrey Gildenborn controlled the day to day operations of American City.

11. Defendant Jeffrey Gildenborn had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Jeffrey Gildenborn supervised Plaintiff directly or indirectly.

13. Defendant Jeffrey Gildenborn directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Jeffrey Gildenborn directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The District Court of the District of Columbia has made clear that plaintiffs can go after individual employers regardless of corporate shields under FLSA and the DCWPCL if the employer met the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp.2d 1, 5 (2010).

16. The economic reality test for "control" considers "whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment, determine rate and method of pay, and maintain employment records." *Id*.

17. Defendant Jeffrey Gildenborn would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## FACTS

18. Plaintiff was employed by Defendants as kitchen helper from 2013 through 2016 (the "Employment Period").

19. Plaintiff worked for Defendants from January 2013 through July 1, 2015 at a regular hourly rate of $10.00 and for the remainder of the Employment Period at a regular hourly rate of $14.00.

20. He worked between forty-nine and sixty-five hours per week and was never compensated at the required overtime rate, of one and one half times his regular hourly rate, for those hours worked over forty.

21. Plaintiff is owed approximately $17,678.50 in overtime wages.

22. Plaintiff is owed overtime wages that Defendants willfully failed and refused to pay to Plaintiff in violation of D.C. and federal law.

23. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked. *See* 29 U.S.C. §211(c).

24. The precise number of hours worked, and wages owed, should be revealed through discovery.

25. Defendants knowingly and intentionally violated Plaintiff's rights under D.C. and federal law.

## COUNT I
## (FLSA)

26. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

27. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty per week. *See* 29 U.S.C. § 207(a)(2).

28. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty per week.

29. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

30. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $35,357.00, which is two times the total overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT II
### (Violation of the D.C. Minimum Wage Revision Act)

31. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

32. Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

33. Throughout the Employment Period, Defendants failed to properly pay Plaintiff's overtime required by the DCMWRA.

34. Unpaid wages are due and owing to Plaintiff by Defendants.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

35. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, and in his favor in an amount to be determined at trial, but not less than $35,357.00, which is two times the total overtime compensation owed, reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

## COUNT III
### (Violation of the D.C. Wage Payment and Collection Law)

36. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

37. The amounts owed to Plaintiff by Defendants for overtime constitutes "wages" under the DCWPCL. D.C. ST § 32-1301(3).

38. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

39. Unpaid overtime wages are due and owing to Plaintiff by Defendants.

40. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants, jointly and severally, and in favor of Plaintiff in an amount to be determined at trial, but not less than $53,035.50 which is approximately three times the wages owed; and to grant to Plaintiff their reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: _____/s/ *Mary Craine Lombardo*_____
Mary Craine Lombardo (495881)
mlombardo@steinsperling.com

_____/s/ *Eduardo S. Garcia*_____
Eduardo S. Garcia (MD0016)
egarcia@steinsperling.com

25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

4501337_1